J. Z. TODD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. L. TODD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2407, 2408.   Promulgated July 29, 1946.

*R. E. Brotherton, Esq.*, and *Aaron Turner, Esq.*, for the petitioners.
*W. J. McFarland, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: In our original opinion in these proceedings we pointed out that the Commissioner made his allocation of the petitioners' distributive shares of partnership net income between invested capital and services in accordance with principles laid down in G. C. M. 9825, X–2 C. B. 146, approved in *Clara B. Parker, Executrix*, 31 B. T. A. 644. In determining the deficiencies, respondent allocated net book profits for each of the years 1936 through 1941 between income from capital and income from services, in the ratio which an 8 per cent return on annual average invested capital bore to an assumed reasonable salary allowance, all as provided in the method delineated in G. C. M. 9825. The excess of income from

services over withdrawals was treated as a community capital contribution in each year, and the aggregate of such contributions provided the basis for allocating the income from capital between separate and community capital, in the ratio each bore to the total of the two.

Petitioners there argued, as stated in our opinion, that under California law all the distributive net income of the partnership in excess of 7 per cent of the capital investment as it existed at the close of 1935 represented compensation for services and was community income, and that the burden was upon respondent to prove that a greater amount constituted separate property of the petitioners. We held that the burden could not thus be shifted to the Commissioner, citing *Shea* v. *Commissioner*, 81 Fed. (2d) 937, and sustained the respondent's determination in view of petitioners' neglect of their duty of going forward with the proof.

On appeal to the Circuit Court, petitioners made substantially the same arguments they had made here. That court held: (1) That the separate capital was not limited to the amount of $144,360.81 invested as of January 1, 1936, but that the "income from the separate property left in the business remains separate property and is entitled to its share of the income thereafter"; (2) that under the Federal income tax law it was the duty of the Commissioner to determine from "the facts in the case" the amount of return on the taxpayer's capital; (3) that there was evidence in the case from which the "Tax Court properly could find that the return on capital exceeded the California legal rate of 7 per cent for the tax years in question"; (4) that there was evidence from which the "Tax Court could infer that the lumber business is a highly fluctuating one of large profits, succeeded by large losses—that is, a merchandising business in which a higher rate of return is necessary in good years to offset the losses of bad years"; (5) that from the evidence the Tax Court was "warranted in inferring that there was a substantial gain in capital value of inventory as distinguished from earnings from new business obtained"; (6) that the "Commissioner's method of allocation between the separate capital income and the managerial community earnings is a rational one," and "the burden of showing error in computing in its application is upon the taxpayers."

At the further hearing in this Court on March 28, 1946, one of petitioners' counsel took the stand for the stated purpose of pointing out alleged errors in respondent's calculations. Another witness, a competitor of the petitioners, was also called to testify.

Petitioners in their briefs on further hearing are in effect rearguing the entire case, pressing upon us a number of contentions which both we and the Circuit Court thoroughly considered and decided against

them. For example, they still insist that the income attributable to separate capital in the taxable years is to be calculated upon the amount of such capital as it existed at the close of 1935. Aside from the fact that the Circuit Court disagreed with them, we think the contention is obviously without merit. It ignores the fact that the rents, issues, and profits of separate property retain their separate character, that the earnings of the separate capital have been left in the business, and that the increase earns in the same proportion as the original investment.

The Circuit Court, as we have said, found that the respondent's method of allocation was a rational one. Petitioners there contended that respondent made errors in its application. The Circuit Court stated that they had failed to demonstrate the errors, but that under the remand they were free to urge their contention here.

At the further hearing in this Court petitioners presented testimony relating to some three or four instances in which it is claimed respondent erred in his calculations. The first item to which they direct our attention will serve as an illustration. They point to the fact that, in determining the amount of net income of the partnership for 1940, respondent disallowed an item of $285.05 as an expense deduction on the ground that it was a capital expenditure, and that in 1941 he disallowed a similar item of $2,349.09, but that he did not restore either item to invested capital before determining the amount of return on invested capital. We may say we do not agree that such action necessarily was erroneous, but, in any event, if the adjustments suggested were made, the percentage ratios determined by respondent for return on capital and return on services would be affected only .01 per cent in 1940 and only .01 per cent in 1941. Furthermore, the net result of the suggested change would be to petitioners' disadvantage.

The other items challenged by petitioners are of a similar minor character and might well be ignored under the *de minimis* rule. So far as we can determine, the adjustments suggested, even if they were accepted, would work against the interests of petitioners, though in inconsequential amounts. Petitioners also object that in computing their ratios respondent has used book net profits for the taxable years rather than the amounts of taxable net income of the partnership. Distributive net income of a partnership for tax purposes, of course, is not necessarily the same as net book profits, and we are not persuaded that the Commissioner erred in employing net book profits to determine how much of the partnership earnings were "plowed back" into the business to increase invested capital.

Furthermore, it is apparent to us that petitioners' attack is primarily upon respondent's *method* itself, rather than upon the *application* of the method and "error in computing in its application." Under the remand they were free to do the latter. The law of the case now is that the method itself is a rational one. Petitioners have not attempted to

demonstrate what final amounts, if different from those determined by respondent, should properly result from the application of the method. Their sole purpose is to avoid the use of the method altogether, and to shift to respondent the burden of sustaining his determination and proving that a greater proportion of the distributive net income of the partnership than a 7 per cent return on invested capital is separate property of the petitioners. Their efforts on remand have, in large part, been directed to an attempt to demonstrate that respondent's determination is "erroneous upon its face," by reason whereof they contend that no presumption of correctness attaches thereto. We are not convinced, however, of error in respondent's determination; and, as we said in our original opinion, we do not think the burden has thus been shifted to the Commissioner.

The additional evidence adduced by petitioners at the further hearing is merely cumulative and adds nothing of substance to the evidence before us on the original hearing. We accordingly adhere to our views originally expressed.

Under the remand we understand it to be our duty to make findings as to the respective amounts attributable to capital and to the petitioners' management of the business, and our decision thereon. The Circuit Court has said that there is evidence from which we properly could find that the return on capital exceeded the California legal rate of 7 per cent interest. It commented on petitioner J. Z. Todd's testimony with regard to the substantial inventory carried by the partnership because the partners considered it a good investment in view of inflation, and it stated that we were warranted in inferring that there was a substantial gain in capital value of inventory as distinguished from earnings from new business obtained in the taxable years.

In our findings we have set out the facts showing the large capital investments in inventory, in accounts receivable, and in plant and equipment. By comparison, very little of the capital investment was represented by idle cash. 1940 and 1941 were good years in petitioners' business. The Circuit Court thought that we would be warranted from the evidence in inferring that the business was a highly fluctuating one of large profits, succeeded by large losses, with the result that a higher rate of return is necessary in good years to offset losses of bad years. All the circumstances considered, we think that the total amounts of approximately $53,000 and $70,000 attributed by respondent to invested capital in 1940 and 1941 were entirely reasonable amounts to be expected as a return on the large capital investment in those years, and we do not think it can be said that the amounts of $19,521.60 and $20,440.68 allocated to each petitioner as income from services in 1940 and 1941 were any less than reasonable compensation for their management of the business. From all the evidence, we believe that the amounts respectively allocated by re-

spondent to separate capital investment, to community capital investment, and to services were reasonable, and, in accord with the purpose of the remand, we have found as a fact that those amounts were essentially attributable to the respective sources.

*Decisions will be entered for the respondent.*